THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO 12-cr-000730 |
| | § | |
| YOLANDA NOWLIN | § | |

**DEFENDANT YOLANDA NOWLIN'S FIRST REQUESTED JURY
CHARGES AND INSTRUCTIONS**

NOW COMES DEFENDANT YOLANDA NOWLIN and makes the following requests as to her jury charge and instructions:

1. That the 5th Circuit Pattern Jury Instructions, Criminal, 2012, sections 1.01, 1.02, 1.03, 1.04, 1.05, 1.06, 1.07 alternative B, 1.08, 1.09, 1.10, 1.12, 1.13, 1.14 (potentially – especially as to the witness Ms. Johnson), 1.15, 1.16, 1.17 (if experts are allowed), 1.19, 1.21, 1.24, 1.37, 1.38, 1.39, 1.44 (if summaries and charts are allowed be used), and 2.21 be used.

2. Defendant proposes the following Jury Charges:

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**

VIOLATION OF CIVIL REGULATION

The violation of a civil Medicare or Medicaid regulation, if such violation occurred, is not a criminal offense. You are only to decide whether the government had proved beyond a reasonable doubt that the Defendant committed a criminal offense charged in the indictment.

_____

*United States v. Christo*, 614 F2d 486(5th Cir. 1980).


\_\_\_\_\_ **Given**          \_\_\_\_\_ **Refused**          \_\_\_\_\_ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**

"SAFE HARBOR" THEORY OF DEFENSE
18 U.S.C. §371

In Count 6 the government has alleged a conspiracy to violate the anti-kickback statute by paying commissions to the referral of DME beneficiaries.

There are regulatory safe harbors enacted by Congress. The regulatory safe harbors set forth conduct that does not violate the Health Care Fraud Statutes. Congress enacted permissive exclusions to the Program Integrity—Medicare and State Health Care Programs that provides for numerous safe harbor exceptions found in both 42 U.S.C. §1320a-7b(b)(3)(B)(i) and 42 C.F.R. §1001.952. One such safe harbor exception includes payments made in a bona fide employment relationship.

The following payment practices shall not be treated as a criminal offense and shall not serve as the basis for an exclusion:

…

(i) *Employees.* As used in section 1128B (42 U.S.C. §1320a-7b(b)(3)(B)(i); 42 C.F.R. §1001.952) of the Act, "remuneration" does not include any amount paid by an employer to an employee, who has a bona fide employment relationship with the employer, for employment in the furnishing of any item or service for which payment may be made in whole or in part under Medicare, Medicaid or other Federal health care programs. For purposes of paragraph (i) of this section, the term *employee* has the same meaning as it does for purposes of 26 U.S.C. 3121(d)(2). *See* 42 C.F.R. §1001.952.

If you find that the regulatory safe harbor for a bona fide employee/employer relationship applies to the transaction described in Count 6 of the indictment as conspiracy to violate the anti-kickback statute, then you must find that the transaction does not violate the anti-kickback statute and acquit the Defendant Yolanda Nowlin. The fact that a transaction is not protected by a statutory exemption or regulatory safe harbor, however, does not make that transaction unlawful. Even if an exemption or safe harbor does not apply to the transaction, the Government must prove each and every other element of the anti-kickback statute described in Count 6 of the indictment beyond a reasonable doubt.

Remuneration that is an amount paid "by an employer to an employee for employment in the provision of covered items or services" is exempt. *See* Medicare—Medicaid Antifraud Employment Payment Exception, Section 4, 1977. "[R]emuneration" does not include any amount paid by an employer to an employee, who has a bona fide employment relationship with the employer, for employment in the furnishing of any item or service for which payment may be made in whole or in part under Medicare, Medicaid or other Federal health care programs. Employer has the same meaning as it does for purposes of 26 U.S.C. 3121 (d)(2).

### The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of illegal kickback in a federal health care program as charged in Count 6 of the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

(1) Defendant Yolanda Nowlin offered and paid a kickback for referring beneficiaries to the Yellabone DME companies so that claims could be filed with Medicare/Medicaid as detailed in Count 6 of the indictment,

(2) The kickback was offered and received for the purpose of inducing the purchase of durable medical equipment detailed in Count 6 of the superseding indictment,

(3) The items purchased as a result of the inducement was to be paid under a federal health care program,

(4) Defendant Yolanda Nowlin acted knowingly and willfully, and

(5) The remuneration was not protected from prosecution by one of the regulatory Safe Harbors.

**Authority:** *See*, 42 U.S.C.A. & 1320a-7b. *See also, United States v. Miles*, 360 F.3d 472, 479-80 (5th Cir.2004) *citing* 42 U.S.C.A. & 1320a-7b (b)(2)(A) (the Fifth Circuit reversed the Medicare Anti-kickback conviction of the defendants and specifically addressed the "referral" element. The defendants were charged with violation of the Anti-Kickback statute for paying commissions to a company which advertised defendant's services at the offices of various physicians. The Court of Appeals considered whether this activity constituted a "referral" because there was no evidence that the advertising agency "had any authority to act on behalf of a physician in selecting the particular … provider." *Miles,* 360 f.3d at 480. The payments were „not made to the relevant decision-maker as an inducement or kickback for sending patients … " *Miles*, 360 F.3d at 480.

The United States Code provides that it is generally a federal offense to

knowingly and willfully solicit[ ] or receive[ ] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind-

(A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program. 42 U.S.C. § 1320a-7b(b)(1)(A).

As the proposed instruction conveys, no crime occurs, however, when "any amount [is] paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services." 42 U.S.C. § 1320a-7b(b)(3)(B).

*U.S. v. Choiniere*, 517 F.3d 967, 969 (7th Cir. 2008).

\_\_\_\_\_ **Given**  \_\_\_\_\_ **Refused**  \_\_\_\_\_ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3:**

ALTERNATIVE ON SAFE HARBOR

As I have explained, the Defendant is charged in count six with conspiracy to violate the anti-kickback statute.

The Government claims that the Defendant Yolanda Nowlin offered and paid others an illegal remuneration to induce them to refer Medicare/Medicaid beneficiaries for the furnishing of services and equipment that were paid for by Medicare or Medicaid. The Defendant Yolanda Nowlin has pleaded "Not Guilty" to the charge contained in count six of the indictment. This plea of not guilty puts at issue each of the four essential elements of the offense as described in these instructions and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt. The Defendant, Yolanda Nowlin moreover, contends that she cannot be found guilty of the offense alleged in count six for the following reasons:

First, in order to sustain its burden of proof against her for violating the anti-kickback statute, the Government must prove beyond a reasonable doubt that she paid others a remuneration with the specific criminal intent to induce the referral of Medicare/Medicaid beneficiaries for the purpose of the furnishing of services or equipment that were paid for by Medicare/Medicaid to pay a remuneration to induce a purchase means to pay a remuneration with the intent to gain influence over the reason or judgment of the person making the purchasing decisions. The intent to gain such influence must have been, at least in part, the reason the remuneration was paid.

Therefore, you are instructed that the Defendant cannot be convicted merely because she hoped or expected or believed that an order or purchase might ensue from a remuneration that was designed for other purposes. So, if you find that to be the case, from the facts presented, you must find the Defendant not guilt.

Second, in order to sustain its burden of proof against her for violating the anti-kickback statute, the Government must prove beyond a reasonable doubt that the Defendant paid the remuneration with the specific criminal intent that the remuneration be in return for the referral of Medicare/Medicaid beneficiaries for the purpose of providing services or equipment paid for by Medicare or Medicaid. The Defendant cannot be convicted merely because she caused the payment of a remuneration in return for services.

In other words, if individuals were paid for services rendered as an agent or employee, even if it was to induce them to encourage them to refer Medicare or Medicaid beneficiaries, you must find the Defendant not guilty.

Finally, because the statute requires that the Defendant's conduct be willful, she cannot be found guilty unless the Government proves beyond a reasonable doubt that she knew her conduct violated a known legal duty. In other words, unless you find beyond a reasonable doubt that the Defendant knew her conduct was unlawful, you must find her not guilty.

*Matthews v. United States*, 485 U.S. 58, 69 (1988); *United States v. Manning*, 618 F.2d 45, 47-48 98th Cir. 1980); *United States v. Jain*, 93 F.3d 436 (8th Cir. 1966).

  _____ **Given**     _____ **Refused**     _____ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4:**

GOOD FAITH

The "good faith" of Defendant YOLANDA NOWLIN is a complete defense to the charges of conspiracy contained in Count 1 and 6 of the indictment because good faith on the part of the defendant is, simply, inconsistent with the required mental state of willfully alleged in that charge.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though he or she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent statements, representations or promises to others.

The law is written to subject to criminal punishment only those people who willfully enter a criminal conspiracy.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that Defendant YOLANDA NOWLIN acted willfully or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Defendant YOLANDA NOWLIN acted with the required mental state.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted with the required mental state, or in good faith, the jury must acquit Defendant YOLANDA NOWLIN.

**\_\_\_\_\_ Given            \_\_\_\_\_ Refused             \_\_\_\_\_ Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5:**

DEFENSIVE THEORY

That concludes the part of my instructions explaining the elements of the crime. Next I will explain the defendant's position.

The defense for YOLAND NOWLIN says that she was the girlfriend of Carla Parnell. As such, Ms. Nowlin, who owned the Yellabone DME companies allowed Ms. Parnell a job there, and later allowed Ms. Parnell to Manage and run the company and to bill Medicare and Medicaid and to have contact vendors. That Ms. Nowlin did not agree to nor participate in any conspiracy to committed Health Care fraud, and Ms. Nowlin did not commit healthcare fraud. Likewise, Ms. Nowlin did not agree to nor participate in any conspiracy to defraud the United States Government by violation of the anti-kickback statute. Further, Ms. Nowlin not only was not a participant to any fraud or scheme to defraud the Social Security Agency, but she is actually the person who detailed the problem when she learned of Ms. Parnell's actions in that regard were illegal. Ms. Nowlin had the misfortune of being the friend Ms. Carol Parnell, who knew how, and did commit fraud. Ms. Yoland Nowlin is thus not guilty of any of the offenses charged.

This comes from 6.01 Defensive Theory of the 6th Circuit Criminal Pattern Jury Charges. When a defensive theory finds some support in the evidence and the law, the defendant is entitled to some mention of that theory in the district court's instructions. *United States v. Duncan*, 850 F.2d 1104, 1117 (6th Cir. 1988). Also, the theory of defensive instructions are authorized by the following 5th Circuit and

other circuit's precedents: *Perez v. United States*, 297 F.2d, 15-16 (5th Cir. 1961); *United States v. Correa-Ventura*, 6 F.3d 1070, 1076 (5th Cir.1993); *United States v. Rubio*, 834 F.3d 442, 447 (5th Cir.1987); *United States v. Barham* 595 F.2d 231, 244 (5th Cir. 1979); *United States v. Ruiz*, 59 F. 3d 1151 (11th Cir. 1995); *United States v. Smith*, 217 F.3d 746 (9th Cir. 2000); *United States v. Arias*, 431 F.3d 1327 (11th Cir. 2005); *United States v. Choiniere*, 517 F.3d 967, 969 (7th Cir. 2008).

\_\_\_\_\_ **Given**          \_\_\_\_\_ **Refused**          \_\_\_\_\_ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6:**

COUNT ONE (1) SPECIAL VERDICT

Defendant requests the following for a Special Verdict:

    A. We, the Jury, find the Defendant YOLANDA NOWLIN

    Guilty \_\_\_\_ or Not Guilty \_\_\_\_ as charged in Count One of the indictment.

If you find the Defendant not guilty as charged in Count One, you need not consider paragraph B below.

    B. We, the Jury, having found the Defendant guilty of the offense charged in Count One, further find with respect to that Count that the amount of benefit to this Defendant, if any, is:

ANSWER IN DOLLARS AND CENTS:

    $_____

    Foreperson:_____

    Date:_____

\_\_\_\_\_ **Given**          \_\_\_\_\_ **Refused**          \_\_\_\_\_ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7:**

COUNT SIX (6) SPECIAL VERDICT

Defendant requests the following for a Special Verdict:

A. We, the Jury, find the Defendant YOLANDA NOWLIN

Guilty _____ or Not Guilty _____ as charged in Count Six of the

indictment.

If you find the Defendant not guilty as charged in Count Six, you need not consider paragraph B below.

B. We, the Jury, having found the Defendant guilty of the offense

charged in Count Six, further find with respect to that Count that

the amount of benefit to this Defendant, if any, is:

ANSWER IN DOLLARS AND CENTS:

$_____

Foreperson:_____

Date:_____


_____ **Given**            _____ **Refused**            _____ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8:**

COUNT SEVEN (7) SPECIAL VERDICT

Defendant requests the following for a Special Verdict:

   A. We, the Jury, find the Defendant YOLANDA NOWLIN Guilty _____ or Not Guilty _____ as charged in Count Seven of the indictment.

If you find the Defendant not guilty as charged in Count Seven, you need not consider paragraph B below.

   B. We, the Jury, having found the Defendant guilty of the offense charged in Count Seven, further find with respect to that Count that the amount of loss to the Government, if any, caused by this Defendant, if any, is:

ANSWER IN DOLLARS AND CENTS:

   $_____

   Foreperson:_____

   Date:_____


_____ **Given**            _____ **Refused**            _____ **Modified**

Defendant YOLAND NOWLIN reserves the right to file further jury instructions and to supplement these instructions.

## PRAYER

Wherefore, Premises Considered, Defendant YOLANDA NOWLIN respectfully prays this Court to allow her requested Jury Instructions, and for such other relief as the Court deems just.

>Respectfully submitted,
>
>*/s/ Michael M. Essmye, Sr.r*
>MICHAEL M. ESSMYER, Sr.
>Essmyer & Daniel P.C.
>5111 Center Street
>Houston, Texas  77007
>(713)869-1155 Telephone
>(713)869-8659 Facsimile
>messmyer@essmyerdaniel.com
>
>**Attorney for Defendant,
>YOLANDA NOWLIN**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Southern District's CM/ECF system per the Local Rules on this the 29th day of August, 2013.

>*/s/ Michael M. Essmyer, Sr.*
>Michael M. Essmyer, Sr.