IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1024 |
| | § | (CRIMINAL NUMBER H-12-730-01) |
| YOLANDA NOWLIN | § | |

## MEMORANDUM OPINION AND ORDER

The defendant, Yolanda Nowlin, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 290).[1] Pending before the court is the "United States' Answer to Defendant Nowlin's 2255 Motion and United States' Motion for Summary Judgment" ("United States' Motion") (Docket Entry No. 295), to which Nowlin has filed a "Response with Facts [to] United States['] Answer to 2255 Motion, Clarification of Facts and Yolanda Nowlin Opposing Summary Judgement" ("Defendant's Response") (Docket Entry No. 297). The court has carefully reviewed all submissions and pertinent matters in this criminal case. Based on this review, the court's clear recollection of the proceedings, and the application of governing legal authorities, the pending § 2255 Motion will be denied and the corresponding Civil Action (H-17-1024) will be dismissed for the reasons explained below.

---

[1]Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-12-730-01. For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

## I. Background

A grand jury returned a multi-count Indictment against Nowlin, charging her with conspiracy to commit health care fraud (count one), four substantive counts of committing health care fraud (counts two through five), one count of conspiracy to violate the Anti-Kickback Statute, 18 U.S.C. § 371 (count six), and one count of social security fraud (count seven).[2] The Indictment alleged that Nowlin, as the owner of a durable medical equipment company, Yellabone Medic Care Express Equipment Supply Company, which was incorporated as Yellabone Medical Equipment, Inc. (collectively, "Yellabone"), conspired with a managing employee, co-defendant Carla Parnell, to defraud Medicare and Medicaid by submitting false claims between July 2003 and December 2009.[3] During the conspiracy Nowlin and Parnell made illegal payments (i.e., kickbacks) in exchange for the referral of Medicare and Medicaid beneficiaries to Yellabone.[4] Nowlin also helped Parnell defraud the Social Security Administration by causing Parnell to receive disability benefits that she was not entitled to receive.[5]

Parnell pled guilty to count seven of the Indictment and

---

[2]Indictment, Docket Entry No. 1, pp. 4-12.

[3]Id. at 4-10.

[4]Id. at 10-11.

[5]Id. at 12.

admitted conspiring with Nowlin to defraud Medicare, Medicaid, and the Social Security Administration, and to making illegal payments to recruit Medicare and Medicaid beneficiaries on behalf of Yellabone.[6] Parnell testified to that effect during a seven-day trial on the charges against Nowlin.[7] After hearing all of the evidence,[8] a jury found Nowlin guilty as charged on all counts.[9]

The Probation Office prepared a Presentence Investigation Report ("PSR") for purposes of determining Nowlin's punishment under the United States Sentencing Guidelines.[10] Nowlin was assigned a base offense level of 6 under the Sentencing Guideline applicable for health care fraud offenses.[11] The Probation Office recommended an 18-level enhancement for the amount of loss, which exceeded three million dollars, and a 6-level increase because the number of victims exceeded 250 Medicare or Medicaid beneficiaries.[12] The Probation Office recommended a 4-level enhancement for Nowlin's role as an organizer, leader, supervisor, or manager of a health

---

[6]Plea Agreement, Docket Entry No. 63, pp. 9-14, 18.

[7]Trial Transcript, Docket Entry No. 206, pp. 13-156.

[8]See Trial Transcripts, Docket Entry Nos. 194, 195, 203, 206, 208, and 220.

[9]See Trial Transcript, Docket Entry No. 227, pp. 84-85; Verdict, Docket Entry No. 153, pp. 1-2.

[10]PSR, Docket Entry No. 217, pp. 12-25.

[11]Id. at 12.

[12]Id.

-3-

care fraud scheme that involved five or more participants and an additional 2-level enhancement for violating the public trust.[13] Assessing an additional 2 levels for obstruction of justice, the Probation Office determined that Nowlin's total offense level was 38.[14] With no criminal history points, Nowlin's advisory guideline range was 235-293 months' in prison.

Defense counsel filed numerous objections to the PSR.[15] At a sentencing hearing on April 22, 2014, the court reduced the enhancement for the amount of loss, determined that the enhancement for obstruction of justice did not apply and sentenced Nowlin to serve a total of 132 months' in prison, to be followed by a three-year term of supervised release.[16] The court also ordered Nowlin to pay a $700 assessment and to make restitution in the amount of $850,597.10.[17]

On direct appeal the Fifth Circuit affirmed the conviction

---

[13]Id. at 12-13.

[14]Id. at 13.

[15]See Defendant Yolanda R. Nowlin's Objections and Responses to the Presentence Investigation Report and Sentencing Memorandum, Docket Entry No. 205, pp. 1-46; see also Second Supplement to Defendant Yolanda R. Nowlin's Objections and Responses to the Presentence Investigation Report and Sentencing Memorandum, Docket Entry No. 232, pp. 1-45.

[16]See Sentencing Transcript, Docket Entry No. 276, pp. 39-40, 43; Judgment in a Criminal Case, Docket Entry No. 248, pp. 3, 4.

[17]See Sentencing Transcript, Docket Entry No. 276, pp. 44-45; Judgment in a Criminal Case, Docket Entry No. 248, p. 6.

after rejecting Nowlin's challenges to the sufficiency of the evidence, the jury instructions, the indictment, comments made by the court and the prosecutor during trial, and the application of several sentencing enhancements. See United States v. Nowlin, 640 F. App'x 337 (5th Cir. Feb. 25, 2016)(per curiam).[18] Nowlin did not seek further review by filing a petition for a writ of certiorari with the Supreme Court.

On February 17, 2017, Nowlin filed the pending § 2255 Motion.[19] Nowlin contends that she is entitled to relief from her conviction and sentence because she was denied effective assistance of counsel at various stages of her criminal proceeding.[20] The government argues that Nowlin is not entitled to relief and that the § 2255 Motion must be denied because her claims lack merit.

## II. **Standard of Review**

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the

---

[18]Opinion, Docket Entry No. 281.

[19]§ 2255 Motion, Docket Entry No. 290, p. 13.

[20]Id. at 4, 5, 6-7, 8. Nowlin includes an allegation in her § 2255 Motion that she is entitled to relief because prison officials at the Carswell Federal Medical Center ("FMC-Carswell") in Fort Worth, Texas, have failed to protect her from sexual assault by another prisoner. See id. at 10. This allegation concerns the conditions of her confinement and is actionable, if at all, in a civil rights lawsuit, and not in a proceeding under 28 U.S.C. § 2255. See Burns v. United States, 265 F.3d 1059, 2001 WL 872784, *1 (5th Cir. 2001) (per curiam) (unpublished). Because this allegation does not implicate the validity of Nowlin's conviction or sentence, it will not be addressed further.

sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A prisoner seeking relief under 28 U.S.C. § 2255 "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. <u>United States v. Frady</u>, 102 S. Ct. 1584, 1593 (1982). After a conviction has been affirmed on appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." <u>United States v. Willis</u>, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). For this reason, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

Mindful of the defendant's pro se status, the court has liberally construed her § 2255 Motion and related filings. <u>See</u> <u>Estelle v. Gamble</u>, 97 S. Ct. 285, 292 (1976) ("[A] pro se document is to be liberally construed."); <u>Haines v. Kerner</u>, 92 S. Ct. 594, 596 (1972) (per curiam) (stating that pro se pleadings are held "to

less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, a pro se petitioner's "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983)).

## III. Discussion

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. See Yarborough v. Gentry, 124 S. Ct. 1, 4 (2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). A defendant asserting ineffective assistance of counsel therefore must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. Id. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

"The performance prong of <u>Strickland</u> requires a defendant to show that counsel's representation fell below an objective standard of reasonableness." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012) (internal quotation marks and citation omitted). "Therefore, courts may not fall prey to 'the distorting effect of hindsight' but must be 'highly deferential' to counsel's performance." <u>Carter</u>, 131 F.3d at 463 (quoting <u>Strickland</u>, 104 S. Ct. at 2065-66). "Hence, there is a strong presumption that the performance 'falls within the wide range of reasonable professional assistance.'" <u>Id.</u> (same). The burden is on the defendant to overcome this presumption. <u>Id.</u>

To establish <u>Strickland</u> prejudice a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> The defendant therefore "must establish that the attorney's errors were so deficient as to render the verdict fundamentally unfair or unreliable." <u>Carter</u>, 131 F.3d at 463. The burden is on the defendant to affirmatively prove prejudice. <u>Strickland</u>, 104 S. Ct. at 2067.

## B. Nowlin's Ineffective-Assistance Claims

Nowlin has asserted several overlapping grounds for relief, alleging that she was denied effective assistance by her trial

attorney (Michael Essmyer) and her appellate attorney (D. Craig Hughes). Construed liberally, Nowlin contends that she was denied effective assistance of counsel because: (1) Essmyer failed to conduct an adequate pretrial investigation by reviewing documents that were "suppressed" by the government; (2) Essmyer failed to present evidence about her drug and alcohol use, request a competency evaluation, or argue diminished capacity as a mitigating circumstance; (3) Essmyer failed to adequately cross-examine two witnesses (Carla Parnell and Victoria Johnson); (4) Essmyer failed object to the number of victims and calculation of the loss amount at sentencing; and (5) Hughes failed to cite appropriate law and raise certain "errors" on direct appeal.[21]

### 1. Inadequate Pretrial Investigation

Nowlin alleges that one or more government investigators executed a subpoena in February 2004, and collected some, but not all, of the requested documents from Nowlin's storage building.[22] By failing to collect all of the documents, Nowlin contends that the government "suppressed" this evidence in violation of Brady v. Maryland, 83 S. Ct. 1194 (1963), because these documents would have shown that she is innocent.[23] Nowlin faults her defense counsel for

---

[21]§ 2255 Motion, Docket Entry No. 290, pp. 4, 5, 6-7, 8.

[22]§ 2255 Motion, Docket Entry No. 290, pp. 6-7; Defendant's Response, Docket Entry No. 297, pp. 3, 5, 9-11.

[23]Defendant's Response, Docket Entry No. 297, pp. 3, 5, 9-11.

failing to conduct an adequate pretrial investigation by reviewing the documents that were left behind in her storage building and presenting this "exculpatory" evidence at trial.[24]

As an initial matter, Nowlin cannot demonstrate a violation of the Supreme Court's decision in <u>Brady</u>, which held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]" 83 S. Ct. at 1196-97. "<u>Brady</u> claims involve 'the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense.'" <u>West v. Johnson</u>, 92 F.3d 1385, 1399 (5th Cir. 1996)(quoting <u>United States v. Agurs</u>, 96 S. Ct. 2392, 2397 (1976)). Evidence is not suppressed for purposes of <u>Brady</u> if "'the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.'" <u>West</u>, 92 F.3d at 1399 (quoting <u>Lawrence v. Lensing</u>, 42 F.3d 255, 257 (5th Cir. 1994)). Because Nowlin contends that the evidence left behind by government investigators remained in her storage building,[25] she cannot show that this evidence was suppressed by the government and she does not articulate a violation of <u>Brady</u>.

Likewise, Nowlin fails to show that her defense attorney conducted an inadequate investigation because she does not explain

---

[24]§ 2255 Motion, Docket Entry No. 290, pp. 6-7.

[25]Sworn Affidavit, Docket Entry No. 297, p. 40.

how the documents from her storage building would have established her innocence or altered the result in her case. Nowlin appears to claim that the documents would have established that Yellabone ceased operations sometime before November of 2009, but the case against her concerned fraudulent billing practices dating back to 2003. A defendant who alleges a failure to investigate on the part of her counsel "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Bernard, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted) (emphasis in original). Nowlin's conclusory allegation that her counsel's investigation was inadequate is not sufficient to state an ineffective-assistance claim. See Lincecum v. Collins, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence). Therefore, she is not entitled to relief on this claim.

2. Failure to Present Evidence of Drug and Alcohol Use

Nowlin contends that Essmyer was deficient because he failed to call witnesses or present evidence at trial about her drug and alcohol use.[26] Nowlin clarifies that she was using alcohol while

---

[26] § 2255 Motion, Docket Entry No. 290, pp. 4, 7, 8.

-11-

taking prescription psychiatric medication.[27] Nowlin contends that her defense counsel should have requested a competency evaluation and argued "diminished capacity" as a mitigating circumstance.[28]

Competency and diminished capacity are not synonymous concepts. Competency concerns a defendant's ability to stand trial. See, e.g., Indiana v. Edwards, 128 S. Ct. 2379, 2383 (2008) (The Constitution "does not permit trial of an individual who lacks 'mental competency.'") (citing Dusky v. United States, 80 S. Ct. 788 (1960)(per curiam) and Drope v. Missouri, 95 S. Ct. 896 (1974)). To demonstrate that a defendant lacks competency to stand trial, the defendant must show that she "is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(d); see also Edwards, 125 S. Ct. at 2383 (articulating the standard for mental incompetency set out in Dusky and Drope).

Under the federal Sentencing Guidelines, diminished capacity is a mitigating circumstance that relates to the calculation of a defendant's sentence. United States Sentencing Guideline § 5K2.13 states that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a

---

[27]Defendant's Response, Docket Entry No. 297, p. 15.

[28]§ 2255 Motion, Docket Entry No. 290, p. 8.

significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." A "significantly reduced mental capacity" is defined in the application notes as a "significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 Application Note 1. As the Probation Office observed in Nowlin's PSR, however, a downward departure is not available under § 5K2.13 if the defendant's reduced mental capacity was caused by "the voluntary use of drugs or other intoxicants."[29]

There is no evidence that Nowlin was unable to understand the nature and consequences of the proceedings against her or that she was unable to assist in her own defense. She does not show that she was incompetent to stand trial or that her counsel had any basis to request a competency evaluation. Therefore, Nowlin fails to establish that her counsel was deficient for failing to raise an issue about her competency.

Nowlin also fails to show that her counsel was deficient for failing to present evidence of her drug and alcohol use or to argue diminished capacity. The record confirms that Essmyer elicited testimony at trial that Nowlin had a drinking problem and relied on her office manager, co-defendant Carla Parnell, and others to do

---

[29]PSR, Docket Entry No. 217, pp. 24-25 (citing U.S.S.G. § 5K2.13).

the billing for Yellabone.[30] He provided numerous letters in support and medical records in response to the PSR, disclosing that she had received treatment for anxiety, depression, and insomnia, as well as problems related to alcohol abuse.[31] Essmyer specifically raised Nowlin's "extreme alcoholism" as a mitigating circumstance and he presented evidence of her "drug and alcohol dependence" in support of a request for a downward departure.[32] In doing so, he asked the court to take notice of Nowlin's "reduced mental capacity" as the result of alcoholism and other family circumstances.[33] Nowlin also had the opportunity to speak at sentencing and advised the court that she was "dependent on alcohol."[34]

Nowlin does not provide any other documents in support of her claim of diminished capacity or identify any witness that her attorney failed to call. She does not otherwise show that she was eligible for a downward departure due to diminished capacity that was induced by drug and alcohol use or for any other reason.

---

[30]Trial Transcript, Docket Entry No. 206, pp. 144-46, 154-55; Trial Transcript, Docket Entry No. 208, pp. 40-41, 102, 106; Trial Transcript, Docket Entry No. 220, pp. 18-20, 32-34, 58, 62, 65-66.

[31]See Letters in Support, Docket Entry No. 205-1, pp. 1-56, and Medical Records, Docket Entry No. 205-2, pp. 1-39.

[32]See Defendant Yolanda R. Nowlin's Objections and Responses to the Presentence Investigation Report and Sentencing Memorandum, Docket Entry No. 205, pp. 33-34; Sentencing Transcript, Docket Entry No. 276, p. 42.

[33]See Defendant Yolanda R. Nowlin's Objections and Responses to the Presentence Investigation Report and Sentencing Memorandum, Docket Entry No. 205, p. 35.

[34]Sentencing Transcript, Docket Entry No. 276, p. 41.

Nowlin's unsupported allegations are not sufficient to establish deficient performance or actual prejudice and do not establish that she was denied effective assistance of counsel. <u>See</u> <u>United States</u> <u>v. Demik</u>, 489 F.3d 644, 646 (5th Cir. 2007) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue); <u>see also</u> <u>United States v. Holmes</u>, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citation omitted). Accordingly, Nowlin is not entitled to relief on this claim.

### 3. Failure to Adequately Cross-Examine Witnesses

Nowlin contends that Essmyer was deficient because he failed to adequately cross-examine or impeach two of the government's witnesses, Carla Parnell and Victoria Johnson, who reportedly lied during their testimony at trial.[35] The record shows that Essmyer cross-examined both witnesses at length.[36] Nowlin does not propose any particular questions that counsel failed to ask. Without more, the mere allegation of inadequate performance during cross-examination is conclusory and not sufficient to permit a reviewing court to examine whether counsel's purportedly deficient

---

[35]§ 2255 Motion, Docket Entry No. 290, p. 8.

[36]See Trial Transcript, Docket Entry No. 206, pp. 108-56 (Carla Parnell); Trial Transcript, Docket Entry No. 208, pp. 35-48, 49-51 (Victoria Johnson).

performance resulted in actual prejudice. <u>Day v. Quarterman</u>, 566 F.3d 527, 540 (5th Cir. 2009) (citing <u>United States v. Irby</u>, 103 F.3d 126 (5th Cir. 1996) (unpublished) (denying ineffective assistance claim based on counsel's failure "to adequately cross-examine a number of government witnesses" because petitioner "fail[ed] to set forth . . . the possible impact of any additional cross-examination")). Nowlin does not otherwise show that the result of her trial would have been any different, but for her defense counsel's failure to pose certain questions on cross-examination. Therefore, Nowlin has not established that she was denied the effective assistance of counsel at her trial and she is not entitled to relief on this claim.

### 4. Failure to Object at Sentencing

Nowlin contends that her defense attorney was deficient for failing to object to a sentence enhancement based on the number of victims calculated by the Probation Office, and that the loss amount was therefore incorrectly calculated, because the number of victims was determined using an amended version of Sentencing Guideline § 2B1.1(b)(2)(C). Nowlin points to Sentencing Guidelines Amendment 726, which clarified how victims of fraud are identified or defined.[37] <u>See</u> U.S.S.G. App'x C, vol. III, Amendment 726, p.

---

[37]Nowlin argues in her § 2255 Motion that her counsel was deficient for failing to invoke Amendment 782 to the Sentencing Guidelines. <u>See</u> § 2255 Motion, Docket Entry No. 290, p. 4. Amendment 782 lowered offense levels based on the drug quantity table found in Guideline § 2D1.1, and became retroactively (continued...)

308. Noting that Yellabone ceased operations before Amendment 726 went into effect on November 1, 2009, Nowlin argues that her sentence was enhanced improperly under the amended Guideline in violation of the Ex Post Facto Clause.[38]

Contrary to Nowlin's assertions, the record confirms that Essmyer filed detailed objections to the number of victims identified and the loss amount calculated by the Probation Office.[39] He also successfully challenged the government's evidence regarding the loss calculation during the sentencing hearing, lowering the enhancement recommended in the PSR from 18 levels to 14 levels for the amount of loss.[40] Nowlin does not establish that the amount of loss was determined incorrectly. Likewise, the Fifth Circuit considered whether the number of victims was correctly determined and concluded that Nowlin's offense level was properly enhanced.

---

[37](...continued)
applicable on November 1, 2015, making certain defendants with convictions for drug-trafficking eligible for a sentence reduction. See United States v. Hernandez, 647 F. App'x 426, 427 (5th Cir. May 3, 2016) (referencing Amendment 782 and 788, which made Amendment 782 retroactive); United States v. Garza, 623 F. App'x 211, 212 (5th Cir. Nov. 18, 2015)(per curiam)(same). Nowlin does not allege facts showing that she is eligible to benefit from a reduced sentence under Amendment 782. Because Nowlin clarifies that she intended to reference Amendment 726, and not Amendment 782, the court does not address whether Amendment 782 applies. See Defendant's Response, Docket Entry No. 297, p. 11.

[38]§ 2255 Motion, Docket Entry No. 290, pp. 4, 5.

[39]See Defendant Yolanda R. Nowlin's Objections and Responses to the Presentence Investigation Report and Sentencing Memorandum, Docket Entry No. 205, pp. 3-6.

[40]Sentencing Transcript, Docket Entry No. 276, pp. 18-30, 34-40.

See Nowlin, 640 F. App'x at 348-49. That determination is binding on this court as law of the case and may not be re-litigated. See United States v. Smith, 814 F.3d 268, 273 (5th Cir. 2016) ("The law-of-the-case doctrine bars reexamination of issues of law or fact decided on appeal in subsequent proceedings in a trial or appellate court.") (citation omitted); see also United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

To the extent that Nowlin claims that Amendment 726 was applied in a manner that violates the Ex Post Facto Clause, the Fifth Circuit has rejected this precise argument. See United States v. Shakbazyan, 841 F.3d 286, 289-91 (5th Cir. 2016) (citing precedent from eight other circuits and holding that there was no Ex Post Facto violation where the health care conspiracy extended past the effective date of the Sentencing Guidelines amended in 2009), cert. denied, 137 S. Ct. 2213 (2017). Nowlin does not otherwise demonstrate that her defense counsel had, but failed to make, a valid objection or that she would have received a lighter sentence if he had raised an argument under the Ex Post Facto Clause. Accordingly, Nowlin is not entitled to relief on this claim.

5.    Failure to Raise Issues on Direct Appeal

Nowlin contends that her appellate attorney was deficient

-18-

because he failed to (1) cite "appropriate law" in his challenge to her conviction for conspiracy to violate the Anti-Kickback Statute; (2) argue that she was entitled to a jury instruction under a "safe-harbor" provision in the Anti-Kickback Statute; (3) raise an "ex post facto claim"; and (4) challenge the amount of loss.[41] She alleges further, without any elaboration, that her appellate attorney did not review "updated violations, amend[ments], and/or case law" and failed to address "areas in [the] PSR, witness statements, documents and errors in government witnesses[.]"[42]

To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. <u>Smith v. Robbins</u>, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." <u>Id</u>.

The Fifth Circuit's opinion reflects that Nowlin's appellate attorney raised several grounds for relief, challenging the sufficiency of the evidence to support her conviction and the calculation of her sentence. <u>See</u> <u>United States v. Nowlin</u>, 640 F.

_____

[41]§ 2255 Motion, Docket Entry No. 290, p. 5.

[42]<u>Id.</u>

App'x 337 (5th Cir. Feb. 25, 2016) (per curiam). Counsel raised a challenge to Nowlin's conviction under the Anti-Kickback Statute, which the Fifth Circuit rejected because "the evidence adduced at trial overwhelmingly supported a finding that [Nowlin] knowingly and willfully conspired to violate [that statute]." Id. at 344. Counsel also argued that the court erred by refusing her request for a jury instruction under a safe-harbor provision in the Anti-Kickback Statute. The Fifth Circuit rejected that argument because there was no evidence showing that she was entitled to such an instruction. Id. at 344-45. To the extent that Nowlin contends that her appellate attorney failed to cite the correct law, she does not suggest what other argument her attorney could have raised that would have been successful.

Nowlin does not establish that her counsel had any other meritorious ground for relief to assert on direct appeal. As discussed previously, Nowlin does not show that her attorney had a valid argument to make under the Ex Post Facto Clause or that the amount of loss was calculated incorrectly. None of the other allegations made by Nowlin demonstrate that her appellate attorney had, but failed to raise, a non-frivolous argument on her behalf. Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient" to establish that a constitutional violation occurred. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). Because Nowlin has not demonstrated that the result of her appeal would have been any different if her

attorney had raised any of the arguments that she proposes, she has not established that she was denied effective assistance of counsel on appeal. Accordingly, she is not entitled to relief on this claim.

Because Nowlin has not established a valid claim for relief, her § 2255 Motion will be denied.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Nowlin does not allege facts showing that her claims could be resolved in a different manner, a certificate of appealability will be denied.

### V. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The United States' Motion for Summary Judgment (Docket Entry No. 295) is **GRANTED**.

2. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by Yolanda Nowlin (Docket Entry No. 290) is **DENIED**; and this action will be **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 21st day of August, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE