IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA NOWLIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-19-0659 |
| v. | § | (Criminal No. H-12-730-01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On March 31, 2017, petitioner, Yolanda Nowlin, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Civil Action No. H-19-0659) (Docket Entry No. 290).[1] On August 21, 2017, the court entered a Memorandum Opinion and Order (Docket Entry No. 299) denying the § 2255 Motion and entered a Final Judgment (Docket Entry No. 300) dismissing Civil Action No. H-17-1024. On July 2, 2018, the United States Court of Appeals for the Fifth Circuit denied Nowlin a certificate of appealability (Docket Entry No. 309).

On February 22, 2019, Nowlin filed a successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 320).

---

[1]All docket entry references are to Criminal No. H-12-730.

The court has carefully reviewed Nowlin's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to her motion is not required.

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. Because Nowlin's February 22, 2019, § 2255 motion is successive and Nowlin has not obtained authorization from the United States Court of Appeals for this court to consider it, the motion is **DISMISSED WITHOUT PREJUDICE** as successive.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Yolanda Nowlin and to the United States Attorney for the Southern District of Texas, and to

file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this 26th day of February, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE